**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2010
Decided February 5, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1354

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-69 |
| JULIO R. ARIAS, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Chief Judge.* |

**O R D E R**

Julio Arias pleaded guilty to a superceding indictment charging him with conspiracy to possess marijuana with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). In exchange for his guilty plea, the government dismissed an indictment charging Arias with possessing enough crack to dictate a 5-year statutory minimum, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), as well as with carrying a gun during that offense, which would have triggered another, consecutive 5-year term, *see* 18 U.S.C. § 924(c)(1)(A)(i). Arias was sentenced on the marijuana conspiracy to 60 months' imprisonment and 5 years' supervised release. He

appeals, but his appointed lawyers have concluded that the case is frivolous and move to withdraw.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Arias to comment on counsel's submission but received no response.  *See* CIR. R. 51(b).  Our review is confined to the potential issues outlined in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel inform us that Arias does not wish to challenge his guilty plea, and thus they properly refrain from discussing possible arguments about the voluntariness of the plea or the adequacy of the plea colloquy.  *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).  According to counsel, that leaves only one potential ground for appeal: whether Arias could challenge the reasonableness of his prison and supervised release terms.

In the presentence investigation report, the probation officer applied a base offense level of 24 after calculating a total of 125 kilograms of marijuana equivalent (derived from the 45 kilograms of marijuana Arias confessed to distributing as well as the 8 grams of crack cocaine seized at the time of his arrest).  *See* U.S.S.G. § 2D1.1(c)(8), cmt. n.10(D).  The probation officer added 2 levels for possession of a dangerous weapon in the course of a trafficking offense, *see id.* § 2D1.1(b)(1), and subtracted 3 levels for acceptance of responsibility, *see id.* § 3E1.1, for a total offense level of 23.  The probation officer also calculated 6 criminal history points, which corresponds to a criminal history category of III.  This computation produced a guidelines imprisonment range of 57 to 71 months, which, because the amount of marijuana was under 50 kilograms, was capped by the statutory maximum of 5 years, *see* 21 U.S.C. § 841(b)(1)(D).  And although the probation officer incorrectly listed the guidelines range for supervised release as 2 years to life, the district court caught the mistake and accurately stated the range to be from 2 to 3 years.  *See* 18 U.S.C. § 3559(a)(4); 21 U.S.C. § 841(b)(1)(D); U.S.S.G. § 5D1.2.

At sentencing Arias asked the district court to impose a below-guidelines prison sentence, citing his troubled childhood, the positive influence and support of his current girlfriend, and the fact that he admitted the marijuana trafficking to authorities.  Counsel argued that 30 months would be enough.  The district court disagreed.  The court observed that Arias, who was 21 at the time of sentencing, already had established a pattern of recidivism and had admitted his marijuana trafficking only after he was indicted on the more-serious crack and gun charges.  As the court noted, the government's decision to allow Arias to plead guilty to the marijuana conspiracy reduced his prison time substantially.  Having considered counsel's arguments, the court concluded that a prison term within the guidelines range would give Arias the more structured environment he needed and that a longer term of supervised release would assist his reentry to society.  As a result, the court sentenced Arias to the statutory maximum of 60 months, near the bottom of the guidelines range, and 5 years of supervised release, above the properly calculated range.

We agree with counsel that a reasonableness challenge to Arias' sentence would be frivolous. Arias did not object to any portion of the presentence report, and, in any event, the report contains no error that was not identified and corrected at sentencing. When reviewing a sentence for reasonableness, we first determine whether the district court properly calculated the guidelines range, fairly evaluated all nonfrivolous arguments concerning the sentencing factors in 18 U.S.C. § 3553(a), and offered a sufficient explanation for the sentence imposed to permit meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Cooper*, 591 F.3d 582, 590 (7th Cir. 2010). If there was no procedural shortcoming, then we examine whether the sentence is substantively reasonable. *See Cooper*, 591 F.3d at 590; *United States v. Clanton*, 538 F.3d 652, 659 (7th Cir. 2008). The sentencing transcript shows that the district court permitted both Arias and the government to argue their positions at sentencing. And the transcript also shows that the court adequately considered both Arias' arguments and the § 3553(a) factors, including the seriousness of the offense, Arias' characteristics and personal history, his chances for rehabilitation, and the need to protect the public from further offenses. *See United States v. Mendoza*, 576 F.3d 711, 722 (7th Cir. 2009); *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). We presume that Arias' prison term is reasonable since it falls within the guidelines range, *see United States v. Welton*, 583 F.3d 494, 496 (7th Cir. 2009); *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009), and counsel has identified nothing to rebut this presumption. And while the district court imposed an above-guidelines term of supervised release, it clearly articulated its reasons and grounded them in the § 3553(a) factors, imposing a longer term to assist Arias' reentry to society and help him avoid recidivism. Even so, the court admonished Arias that, if he maintains an exemplary record following his release from prison, he could petition the court to shorten his term of supervision. *See* 18 U.S.C. § 3583(e)(1).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.